UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                   No. 00-4756

GREGORY DASH,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Malcolm J. Howard, District Judge.
(CR-00-14-HO)

Submitted: May 31, 2001

Decided: June 29, 2001

Before WILKINS, WILLIAMS, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Mary Jude Darrow, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Gregory Dash challenges his 210-month sentence imposed after his guilty plea to charges of distribution of cocaine base and possession with intent to distribute cocaine base, cocaine hydrochloride, and marijuana. On appeal, Dash alleges that the district court clearly erred in applying a sentencing enhancement for possession of a firearm under *U.S. Sentencing Guidelines* § 2D1.1(b)(1) (1998). He further argues that it was error to apply the sentence enhancement without charging possession of a firearm in the indictment and submitting it to a jury under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Finding no error, we affirm.

Section 2D1.1(b)(1) of the Sentencing Guidelines calls for the imposition of a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed." The enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment. (n.3). In order to avoid application of the adjustment, the defendant must show that the connection between the drug offense and the dangerous weapon possession was clearly improbable. *See United States v. Harris*, 128 F.3d 850, 853 (4th Cir. 1997). "[T]he proximity of guns to illicit narcotics can support a district court's enhancement of a defendant's sentence under Section 2D1.1(b)(1)." *Id.* at 852. The district court's factual findings pursuant to U.S.S.G. § 2D1.1(b)(1) are reviewed for clear error. *See United States v. Apple*, 915 F.2d 899, 914 (4th Cir. 1990). Our review of the record leads us to conclude that the district court did not clearly err in applying this enhancement.

Dash's argument that it was error to apply the weapons enhancement without charging possession of a firearm in the indictment and presenting it to the jury is without merit. This court has rejected the very arguments that Dash advances. *See United States v. Kinter*, 235

F.3d 192, 201 (4th Cir. 2001) (sentencing enhancements that do not increase the statutory maximum do not violate the principles of *Apprendi*), *cert. denied*, 121 S. Ct. 1393 (2001). While we acknowledge Dash's request that the court reconsider its prior opinions, a panel may not overrule the decision of a prior panel in this Circuit. *See Brubaker v. City of Richmond*, 943 F.2d 1363, 1381-82 (4th Cir. 1991).

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*